## Commonwealth v. Phillips.

*Lunatics—Duty of Committee of War Veterans to file accounts biennially— Relief therefrom—Failure to file triennial accounts—Act of May 3, 1909.*

The committee of a lunatic to whom is paid a pension to which the lunatic is entitled from the United States Government, will not be granted a certificate from the court to which she is accountable relieving her from complying with the requirement of the Pension Bureau that an account be filed therein biennially where she has failed to file a triennial account in the Common Pleas as required by the Act of May 3, 1909, P. L. 391.

Petition by committee of a lunatic for an order waiving the filing of an account. C. P. Schuylkill Co., July T., 1913, No. 242.

*R. P. Swank*, for petitioner.

BERGER, J., Feb. 17, 1927.—Upon inquisition, J. Melvin Phillips was found to be a lunatic June 16, 1913, pursuant to the provisions of the Act of June 13, 1836, P. L. 589, and Amy P. Miles was appointed his committee. She has now filed this petition, praying for an order "waiving the requirement of the filing of an account until such time as said committee (she) shall no longer act, either because of the termination of said trust by the death of said lunatic (J. Melvin Phillips) or because of the death, resignation or removal of said committee" (Amy P. Miles). No triennial account has ever been filed by the committee.

The lunatic had no estate at the time of the appointment of his committee, other than his right to a pension of $36 per month, payable to him by the Government of the United States, as the lunatic son of a deceased soldier of the Civil War. The Bureau of Pensions of the United States requires every

guardian or other person receiving pension in a fiduciary capacity to file biennially with the official by whom the pension is payable a certificate of the court to which said fiduciary is accountable, showing that he has accounted as required by law, and that the account has been approved, or that the requirement for accounting has been waived by the court, if such is the fact. Pursuant to this regulation of the Bureau of Pensions, the committee petitioned the court March 9, 1915, March 7, 1917, Jan. 30, 1919, Feb. 21, 1921, April 16, 1923, and Feb. 16, 1925, respectively, and obtained orders of court waiving the filing of the biennial accounts required by the United States Bureau of Pensions.

Section 40 of the Act of June 13, 1836, P. L. 589, requires every committee, at least once in three years, and oftener, if required by the court, to render an account of the property of the lunatic committed to his care, including the particulars of his receipts and expenditures, which shall be filed in the office of the prothonotary for the information of the court and the inspection of all parties concerned. In Simco's Estate, 6 D. & C. 813, 815, we held that until a lunatic has died or shall have become restored to reason, or another committee has been appointed, there can be no one in being authorized to make a settlement or properly guard his interests; that a triennial account filed by the commitee of a lunatic is only for the information of the court and the parties who may be entitled in remainder; and that such an account should not be advertised for confirmation, as no confirmation, *nisi* or otherwise, can be made. In thus ruling, we entirely overlooked the Act of May 3, 1909, P. L. 391, which provides, *inter alia,* that all committees of the estates of lunatics may triennially, after the passage of that act, file their accounts in the appropriate courts, which shall be duly audited and confirmed absolutely to the date of filing. This act was repealed by section 63 of the Fiduciaries Act of 1917 (Act of June 7, 1917, P. L. 447, 554), in so far only as it relates to trustees subject to the jurisdiction of the Orphans' Court.

The petitioner should have filed her first triennial account on or about June 16, 1916, and her subsequent accounts triennially thereafter. The order of the court made March 9, 1915, waiving the filing of a biennial account, as required by the United States Bureau of Pensions, was properly entered, but all subsequent orders waiving the filing of biennial accounts were improvidently entered, for the reason that the practical effect of these orders was to nullify the statute requiring the filing of triennial accounts. A statute cannot be set aside by an order of court. Had the committee filed her first triennial account in 1916, the filing of the second biennial account, as required by the United States Pension Bureau, might also properly have been waived; and since the second triennial account required by statute and the third biennial account required by the United States governmental regulations were to be filed in 1919, there was no need to apply for a waiver to file a biennial account in 1919, if the committee had discharged her duty by filing her second triennial account. In other words, so long as a committee is in default respecting the filing of a triennial account under the statute, the filing of a biennial account required by the regulations of the Pension Bureau will not be waived by order of court.

Petition refused, at the cost of the petitioner.

From M. M. Burke, Shenandoah, Pa.